IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON HUNT and LANETTE JOHNSON, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE KROGER CO., )<br>)<br>Defendant. ) | Case No. 22 C 4744 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Shannon Hunt and Lanette Johnson have moved to certify a class of persons similarly situated on their claims against the Kroger Company. For the reasons discussed below, the Court denies plaintiffs' motion.

### Background

This lawsuit concerns allegedly misleading language found on over-the-counter (OTC) lidocaine adhesive patches manufactured and sold by Kroger Company under the "Kroger" brand. In an earlier ruling, the Court limited the plaintiff's claims to the contention that it was misleading to say on the product label that it would deliver "Up to 8 Hours of Relief" and to use the term "Maximum Strength," in light of the plaintiff's allegations that the patches would regularly peel off the bodies of users within a few hours of being applied and often within minutes of application. Order on Mot. to Dismiss at 8–10.] Following the Court's order on defendant's motion to dismiss, Hunt and

Johnson were substituted for Tiffany Agee, the original plaintiff, and an amended complaint was filed. Aside from the change in the named plaintiffs, the amended complaint did not materially alter the plaintiffs' allegations.

Plaintiffs have moved to certify the following class:

> all persons who purchased the adhesive patches containing lidocaine ("Product") labeled as identified in the Complaint, sold by The Kroger Co. ("Defendant") under the Kroger brand in Illinois, from September 4, 2019 through the present . . . .

Pls.' Mot. for Class Cert. at 1. Kroger opposes the motion and has moved to strike the declaration of Dr. Andrea Lynn Matthews, upon which plaintiffs' motion relies.

As indicated, the product identified in plaintiffs' complaint includes the language "Maximum Strength" and "Up to 8 Hours of Relief" on the front of the package, and the directive "remove patch from the skin after at most 8 hours of application" on the back of the package. Am. Compl. ¶¶ 1, 18. The label is depicted below.



2

In its response to plaintiffs' motion, Kroger says it had two suppliers for the Kroger-brand lidocaine patch product in Illinois.  The label on what Kroger calls the "Supplier 1 Product" contained the language referenced in the original and amended complaint.  According to Kroger, this product was sold from June 2019 to early 2024, only in Kroger banner stores.  The "Supplier 2 Product," Kroger says, had a different label.  It did not include the language "Up to 8 Hours of Relief" on the front or the words "remove patch from skin after at most 8 hours of application" on the back.  Instead, the Supplier 2 Product makes no mention of hours of relief on the front and includes the directive "Use one patch for up to 12 hours" on the back.  The Supplier 2 Product, Kroger says, was only available for purchase at Kroger and Mariano's banner stores starting in August 2023.  Def's Resp., Ex. 1 (Cordrey Decl.) ¶¶ 6–11 & Ex. 2.  The Supplier 2 Product label is depicted below.



Plaintiffs do not dispute these facts.  Both Hunt and Johnson testified that they

3

purchased the Product not at Kroger stores but rather at Mariano's stores in the years 2023 and 2024, respectively. (Kroger owns the Mariano's brand.)

## Discussion

Federal Rule of Civil Procedure Rule 23(a) requires that a "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Davis v. Ball Mem'l Hosp. Ass'n, Inc.*, 753 F.2d 1410, 1420 (7th Cir. 1985) (internal quotation marks omitted). To put it another way, "A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court." *Sosna v. Iowa*, 419 U.S. 393, 403 (1975). The named plaintiffs in this case have not shown that they are members of the class they seek to represent.

The complaint in this case, and the Court's ruling allowing it to proceed in part, was premised on the contention that the product label's statement that it would deliver "Up to 8 Hours of Relief" was false and misleading because the lidocaine patch was likely to fall off the user's body way before 8 hours had passed. That is the key representation upon which the claims of the alleged class are based. *See* Am. Compl. ¶¶ 3, 16, 68.

Neither of the named plaintiffs, however, purchased that product. The patches with the "Up to 8 Hours of Relief" label were sold only in Kroger banner stores. Kroger has established that with evidence that the plaintiffs do not contest. Neither plaintiff, however, purchased lidocaine patches at a Kroger store. Rather, they both purchased the patches at Mariano's stores. Kroger has established—and in fact it is undisputed—that the lidocaine patches sold at Mariano's stores did not have the "Up to 8 Hours of

4

Relief" label. Rather, as discussed earlier, the packaging for the patches sold at Mariano's stores made no mention of hours of relief on the front and included a materially different directive, "Use one patch for up to 12 hours," on the back. The packaging on the product sold at Mariano's did not—at least did not expressly—promise a particular number of hours of relief.

The amended complaint in this case, like the original complaint, makes no mention of a second product label. Rather, it depicts only the product label bearing the "Up to 8 Hours of Relief" statement—the Supplier Product 1 Label. *See id.* ¶ 1. The amended complaint does not reference the "Use one patch for up to 12 hours" statement that is found on the Supplier Product 2 label. Thus the complaint that is before the Court, and on which the claims of the class are based, says nothing about the label on the product that both of the proposed class representatives purchased.

Plaintiffs ask the Court to overlook this disconnect. They argue, in effect, that it makes no difference because the patch did not stay on as long as the language on either label indicated. But despite the plaintiffs' suggestion to the contrary, it is not the case that one label promises eight hours of relief and the other promises twelve hours of relief. The only product whose labeling expressly references hours of relief is the Supplier 1 Product, sold only at Kroger banner stores, which includes the language "Up to 8 Hours of Relief" on the front of the package. Given that statement, the directive on the back of the package to remove the patch after "at most 8 hours" supports the inference that the product will adhere to the skin and will provide relief for at least eight hours. Cordrey Decl., Ex. 1. The Supplier 2 Product, on the other hand, includes no promises *at all* regarding hours of relief; the closest it gets is the statement on the rear

5

of the package to "[u]se one patch for up to 12 hours." *Id.*, Ex. 2. This is a material difference. And just as importantly for present purposes, the complaint includes no allegation that this representation is false or misleading, and it has not been reviewed by the Court to determine if it passes muster.

In short, the plaintiffs did not see or receive the key misrepresentations alleged in the amended complaint. As the Court sees it, any claims they might have brought are not included in the amended complaint. A complaint that asserts claim A cannot be the basis to certify a class of plaintiffs that cannot assert claim A and instead can assert only claim B. "To be a proper class representative, the named plaintiff must be a member of the class at the time the class action is certified." *Davis*, 753 F.2d at 1420. Neither Hunt nor Johnson are proper class representatives because they did not purchase the product whose label the amended complaint alleges is false and misleading. The Court therefore denies their motion for class certification.

## Conclusion

For the foregoing reasons, the Court denies the plaintiffs' motion for class certification [dkt. no. 55] and denies as moot defendant's motion to strike [dkt. no. 66]. The case is set for a telephonic status hearing on November 4, 2024 at 9:00 a.m., using call-in number 650-479-3207, access code 2305-915-8729 The parties are directed to confer in good faith to attempt to agree upon a schedule for further proceedings and are to file a joint status report in this regard on October 28, 2024.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 21, 2024